IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-cr-40056-JPG-01 |
| | ) | |
| RUSTY J. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Rusty J. Smith's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 157).

Smith pled guilty to an indictment alleging one count of conspiracy to manufacture methamphetamine. At sentencing on February 25, 2015, the Court found by a preponderance of the evidence that Smith's relevant conduct was 2972.2 grams of marihuana equivalent, which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 30. His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because Smith timely demonstrated acceptance of responsibility for his offense. This established a total offense level of 27 which, considering Smith's criminal history category of IV, yielded a sentencing range of 100 to 125 months in prison. The Court imposed a sentence of 125 months. Smith now asks the Court to apply Amendment 782 to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2014 version of the U.S.S.G., including Amendment 782, which became effective November 1, 2014.

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.   If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request.   *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant Smith's reduction request because he cannot satisfy the first criterion. He was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   The Sentencing Commission promulgated Amendment 782 to amend U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower base offense levels associated with various drug amounts.   However, contrary to Smith's assertions, his February 25, 2015, sentence was calculated using Amendment 782 and already reflects the reductions implemented by that guideline amendment.   Thus, his sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).

Because Smith cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot grant his reduction request.   *See Taylor*, 778 F.3d at 762.   The Court therefore **DENIES** his motion (Doc. 157).

**IT IS SO ORDERED.**
**DATED:   July 7, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**